Chief Justice Robertson
delivered the Opinion of the Court.
Tn this case, the circuit court quashed a writ of error coram vobis, with a supersedeas, and adjudged ten per centum damages on the replevin bond which had been superseded.
The only canse for that judgment, which was assigned by the court, or which appears in the record, is, that there was no notice of the application for the writ.
The object of the first section of the act of 1803, (2 Dig. 1259,) requiring a notice of such an application, was to give the adversary party an opportunity of being heard, before a supersedeas should be granted, to his prejudice. The writ itself is a matter of right. If the writ be issued for good cause, and without a supersedeas, want of notice, can be no ground for complaint. A failure to give notice of the intended application should not, therefore, be deemed a sufficient cause for quashing the writ. But, as both parties were in court, judgment on the replevin bond should have been pronounced, either for it, if good, or against it, if bad, unless the writ itself had been insufficient on its face.
*179 Nor was it right to give a judgment for damages. Want of notice might have authorized a discharge of the supersedeas, but unless it had been proper to dismiss the writ, it was not proper to give damages. See 6th section of the act of 1802, (2 Dig. 1258.)
The first section of the act of 1803, is directory merely ; and a writ of error corara vobis with a supersedeas, should not be awarded without previous notice. But a want of such notice is not alone sufficient cause for either giving damages or quashing the writ. As the writ is not made a part of this record, we cannot adjudicate upon its sufficiency. And consequently, the only point presented for consideration, is, whether the failure to give notice of the intended application for the writ, was a sufficient cause for quashing the writ and adjudging damages.
Wherefore, the judgment of the circuit court must be reversed, and the cause remanded.